IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

United States of America

      v.                              Docket No. 7:21-MJ-166

Jerald Francis Gray

**Defendant's Request for District Court to review Magistrate's Order of Detention**

This case presents the following question: can the court reasonably assure the safety of the community by imposing conditions of release for a 49-year-old working grandfather with strong community ties and a minor criminal record who is not charged with an offense that carries a presumption of detention or that alleges he engaged in any violent activity? Yes, and if the Court agrees, it must order his release. *See* 18 USC 3142. Because the Magistrate concluded otherwise, Mr. Gray requests the District Court review the magistrate's order of detention under 18 USC 3142(b).

      Jerald Gray is charged by complaint with violating 18 USC 2252(a)(4)—an offense that does not carry a presumption of detention under the Bail Reform Act. Pretrial Services recommended his release. Indeed, Mr. Gray has a minor criminal record, a job, and a local residence. He has significant ties to the area and has lived in this district for thirty years. He has remained in the same house for the past twenty, where he lives with his daughter and two grandchildren. He supports his family—having been steadily employed since 2001—was cooperative with law enforcement (even agreed to take a polygraph examination) and has never been alleged to have engaged in any violent actions. In 2013, Mr. Gray was sentenced to serve three years of supervised probation after pleading to a synthetic marijuana charge. He completed probation successfully without violating. All

evidence suggests he can be supervised, including his criminal history. Because he lives with two minor children, Mr. Gray offered to reside at a local motel should the court be concerned about his living arrangements.[1] He is willing to abide by conditions of release, his past shows he can abide by conditions of release, he has significant community ties and no evidence suggests his release would pose an unreasonable risk of danger to the community. As such, he requests the District Court review the Magistrate's findings *de novo* pursuant to 18 USC 3145(b).[2]

---

[1]    There is no credible evidence suggesting that Mr. Gray's release would endanger his grandchildren. No evidence uncovered during the search warrant execution, Mr. Gray's polygraph, or his interrogation supports such a claim. Nor does any statistical evidence support a proposition that, because Mr. Gray is accused of this offense, he would likely commit further, more-serious sexual offenses against his grandchildren. In any event, probation reviewed this home plan and informed the court that the alternative home plan was viable.

[2]    The law is unclear whether District Courts must conduct a *de novo* review of a Magistrate's order and what procedures it should follow when doing so. In *United States v. Clark*, the Fourth Circuit stated in dicta that a "district court review of a magistrate's detention order is *de novo*." 865 F.2d 1433, 1437 (4th Cir. 1989) (citing *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). And in *Williams*, the Court indicated both that *de novo* detention hearings are separate from bond reviews under 3145(b), but that reviews under 3145(b) can be transformed into *de novo* hearings even without the presentation of additional evidence. *See Williams*, 753 F.2d at 333 ("although the motion for review of the magistrate's detention order . . . technically was transformed into a *de novo* detention hearing . . . no additional evidence on the issue of dangerousness or lack thereof was introduced").[2]

Courts generally agree that district courts should conduct a *de novo* review. *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir. 1985). *But see United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (not reaching "appellants' contention that the District Court erred in not deferring to [the] Magistrate['s] factual findings as to [the defendants'] dangerousness"); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987) (finding no error where District Court refused to conduct a "*de novo* hearing" but where Court did "properly afford[ ] *de novo* review of the magistrate's detention order").