IN THE UNITED STATES DISTRICT COURT
FOR THE WETERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 7:22cr00001 |
| | * | |
| JERALD FRANCIS GRAY | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | ******* | |

**RESPONSE IN OPPOSITION TO MOTION FOR BOND REVIEW**

Defendant moves for review of his detention order pursuant to 18 USC 3145(b). The government respectfully requests that this Court affirm the current detention order because there are no conditions or combination of conditions that can adequately assure the safety of minors in the community.

On December 16, 2021, the Defendant was charged in a criminal complaint with possession of child pornography in violation of 18 U.S.C. §2252(a)(4). Defendant was arrested and a bond hearing was held the next day.

At the bond hearing, Agent Lynne Witt testified that:

- The FBI became aware of an IP address requesting images of child sexual abuse material over a peer to peer network. December 17, 2020 Hearing Transcript ("Tr.") 12: 11-13. Law enforcement learned that the Defendant was the owner of that IP address. *Id.* 12:16-20. The FBI learned that the IP address was attached to a residence owned by the Defendant where he resided with his adult daughter and two minor grandchildren. *Id.* 12:24-13:9.
- The two minors residing with the Defendant are approximately seven and eight years old. *Id.* 13:11. Both are female. 28:16.
- The FBI secured a search warrant for the residence. Upon execution of the search warrant, the FBI saw a computer running the peer-to-peer network relevant to the initiation of the investigation. On that computer there was a "downloads" folder containing approximately 60 video files. The names of these files were indicative of child sexual abuse material. *Id.* 13:24-14:9.

- Several of the files in the folder were reviewed by Agent Witt and were determined to be videos involving the use of a minor who had not attained 12 years of age engaging in sexually explicit conduct. *See, id* 14:13-14, 15:3-8, 19:20-25.
- The Defendant admitted that the computer containing the child pornography was in his bedroom and was for his personal use. *Id.* 13:17-20.
- The Defendant admitted to downloading files from the peer-to-peer network and admitted to downloading child sexual abuse material. *Id.* 15:13-23.
- The Defendant also admitted to having kissed the breasts of a then-12 year old spending the night in his house in 2005. *Id.* 16:12-17, 20-21, 24.
- The Defendant further admitted to touching the breasts of a babysitter who worked at his house prior to 2005. *Id.* 18:3-9.
- The Defendant indicated a sexual attraction to minors. *See, e.g.,* 18:18-22.

Because the Defendant admitted to engaging in "hands-on" sexual abuse of at least two minors, the government requested detention. At the time of the original bond hearing, the Defendant was unable to present a home-plan that did not involve living with his minor grandchildren. The Court therefore ordered that the Defendant detained, but allowed the Defendant to present a home plan and have detention reconsidered without filing a motion. *Id.* 49:1-10.

On December 29, 2021, the Defendant presented a home plan for Mr. Gray to reside at Americas Best Value Inn in Covington, Virginia. The Court found that "the proposed plan does not reasonably assure the safety of the community given the nature of the present offense alleged and the admissions to federal law enforcement officers regarding past contact offenses. The request for release to the propose home plan is denied." ECF No. 18. On January 3, 2022, the Defendant requested that the District Court review of the detention order. ECF No. 20.

On January 13, 2022, the Defendant was changed by a Grand Jury in a one-count Indictment with possession of child pornography in violation of 18 U.S.C. §2252(a)(4). ECF No. 27.

**Argument**

The United States respectfully submits that Defendant's motion should be denied, as there are no conditions or combination of conditions which will reasonably assure the safety of the community and the detention order was properly entered.

**I.      Legal Standards for Pre-Trial Detention**

A defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate where a defendant is either a danger to the community or a flight risk.

Categorical grants or denials of detention, untethered from an individualized determination, are impermissible. That is because the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g). Those factors are:

(1)     the nature and circumstances of the offense charged, including whether the offense … involves a minor victim … ;

(2)     the weight of the evidence against the defendant;

(3)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

4)      the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

18 USC 3145(b) allows a person detained to file a motion for review of the detention order by the District Court.

**II.      The § 3142 Factors Weigh in Favor of Detention:  Defendant Is A Risk to Minors**

The Defendant is charged with serious crimes against children.  The United States alleges that the Defendant downloaded almost sixty videos depicting child abuse material from a sophisticated peer-to-peer network allowing users to remain anonymous.  These videos were immediately visible upon execution of a search warrant.  Forensic review of the computers and phones in Defendant's home is ongoing and the investigation continues.  The weight of the evidence is strong.   The videos were readily visible to law enforcement and the Defendant has twice admitted to the specifically charged conduct.

Moreover, Defendant admitted to actually abusing two minors.  He admitted to acting on his sexual attracting to minors on at least two occasions, touching and kissing the breasts of minors who spent time in his home.[1]

The United States submits that the Detention Order was properly entered because the Defendant's current offense and history of contact offenses present a serious danger to the community in the event of his release.  The Defendant has admitted that given the opportunity, he twice sexually abused minors in his home.  Given his also admitted continued attraction to young teenage girls, the proffered home plan is not adequate to protect this specific and vulnerable community.

As found at the bond hearing, Mr. Gray cannot safely live in a home with two young grandchildren.  Not only for the sake of the grandchildren, but for the safety of those who might come into a home where there are children, such as friends and babysitters, the same population Defendant admitted to abusing when his daughter was younger.  But neither does the now offered home plan of a hotel protect the community.  At a hotel, the Defendant will have access to a wide

---

1 The United States agrees that the Defendant is not a flight risk.

4

swath of the community.  There is no plan in place to prevent the Defendant from coming into contact with minors likely to be staying at these accommodations open to the public.  Nor is there a plan to prevent the Defendant from accessing the internet and continuing his victimization of minors by accessing images that memorialize minor's abuse.  With public wi-fi it may be difficult to track the Defendant's internet usage.

## Conclusion

For the foregoing reasons, the Court should deny the defendant's motion for release.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/      Rachel Barish Swartz
Rachel B. Swartz, N.Y. Bar No. 4667044
Assistant United States Attorney
255 West Main Street, Room 130
Charlottesville, Virginia 22901
434-293-4283
Rachel.Swartz@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022 I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF System, which will send notice, and constitute service, of such filing to the following registered CM/ECF user(s):

/s/Rachel Barish Swartz
Rachel Barish Swartz
Assistant United States Attorney