IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:22-cr-00001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JERALD GRAY, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Defendant Jerald Gray ("Defendant") requests review of the United States Magistrate Judge's Order of Detention Pending Trial and seeks release on terms and conditions. As explained below, the court concludes, based on clear and convincing evidence, that there are no conditions of release that "will reasonably assure . . . the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). It will therefore deny Defendant's request for pretrial release.

## Background

Defendant is charged with unlawful possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).[1] At his initial appearance, the government moved for detention pending trial, and the Magistrate Judge conducted an evidentiary hearing on the motion. The government called FBI Special Agent ("SA") Lynne Witt to testify about the evidence underlying the child-pornography charge and various admissions Defendant made prior to his arrest.

---

[1] The government initially arrested Defendant on a criminal complaint filed on December 16, 2021, and a grand jury returned an indictment charging that offense on January 13, 2022. (*See* ECF Nos. 3 [criminal complaint] and 27 [indictment].)

SA Witt first provided a detailed overview of her investigation of Defendant and how the government came to suspect him of committing the instant offense. Specifically, SA Witt testified that after learning that a person utilizing a particular internet protocol ("IP") address had accessed a peer-to-peer file sharing network involving child pornography, she determined that the IP subscriber was Jerald Gray, and that he resided at 610 East Cedar Street in Covington, Virginia. (Bond Hr'g Tr. 12:4–20, Dec. 17, 2021 [ECF No. 23].) SA Witt testified that she then obtained a federal search warrant for the residence, which she and other agents executed on December 8, 2021. During this search, SA Witt testified that Defendant "volunteered to an interview." (*Id.* at 13:17.) SA Witt related that Defendant identified which bedroom in the residence was his, admitted that the computer located in that bedroom belonged to him, and admitted that he was the computer's primary user. SA Witt further testified that two FBI forensic examiners, who were on scene for the execution of the search warrant, accessed Defendant's computer and determined that its hard drive contained approximately 60 separate files depicting child pornography. Some of these files depicted minors under the age of 12 engaged in sexual activities. According to SA Witt, Defendant admitted to downloading these images from the peer-to-peer file sharing network and viewing them. (*Id.* at 14:10–15:23.)

SA Witt asked Defendant if he would be willing to undergo a polygraph examination, and Defendant agreed to do so. During the post-polygraph interview,[2] Defendant was asked about a 2005 incident involving a 12-year-old female that had been visiting his minor daughter

---

[2] SA Witt did not reveal—and the court does not know—the results of the polygraph examination. The court only considers the admissions Defendant made to the agents during this post-polygraph interview.

at their residence.[3] Defendant admitted that he had, in fact, sexually molested this child—specifically, by touching and kissing her breasts.[4] (*Id.* at 16:12–17:21.) Defendant also acknowledged that, on at least one other occasion prior to 2005, he touched the breasts of an underage babysitter, also at his home. (*Id.* at 17:25–18:9.) Defendant admitted during this second interview that he "preferred" early- or pre-teen girls, but that he was not interested in young children. (*Id.* at 18:10–14.) In addition, Defendant described prior occasions when he had seen minor females in public, and then returned home and "masturbate[d] when thinking about that young female he had seen . . . ." (*Id.* at 18:15–22.)

At the time of the search and Defendant's subsequent arrest, Defendant's adult daughter and two grandchildren also lived in his home. In support of his petition for review, Defendant represents that he is willing to reside at a local hotel—and away from his minor grandchildren—to mitigate any concerns about risk of harm to them.[5]

## **Standard of Review**

When a magistrate judge orders the detention of a criminal defendant, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the original

---

[3] In investigating Defendant's background prior to the execution of the search warrant, SA Witt learned of the 2005 allegations involving Defendant and the child. (*See* Bond Hr'g Tr. 16:24–17:11.) Although the local police apparently investigated that incident at the time, no charges were ever filed.

[4] The minor victim reported shortly after the incident that Defendant had also touched her buttocks area, but Defendant told the FBI agents that he could not recall whether he had done that as well. (*See id.* at 19:8–12.)

[5] Defendant also proposed the same to the Magistrate Judge after the entry of the original order of detention. The Magistrate Judge, after considering the proposal, concluded that it "does not reasonably assure the safety of the community given the nature of the present offense alleged and the admissions to federal law enforcement officers regarding past contact offenses." (Order, Jan. 3, 2022 [ECF No. 18].)

detention order *de novo*. *See United States v. Sprouse,* No. 3:12cr200, 2012 WL 2366455, at *2 (W.D.N.C. June 21, 2012). But the reviewing court may rely on the record from the original bond hearing and is not required to conduct a second evidentiary hearing. *See United States v. Jackson*, No. 7:19-cr-126, 2016 WL 4689144, at *1 (E.D.N.C. Sept. 25, 2019). The court has carefully reviewed the record from the December 17, 2021 detention hearing and finds that a second hearing and additional oral argument would not aid its decision.[6]

## Analysis

In this case, the government seeks detention under 18 U.S.C. § 3142(f)(1)(E), arguing that Defendant, if he were released, would pose a danger to the community. In determining whether that is, in fact, the case, the court must consider: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger that the defendant's release would present to any person. 18 U.S.C. § 3142(g). Defendant is charged with a violation of 18 U.S.C. § 2252(a)(4)(B), so there is not a rebuttable presumption in favor of detention. "[T]he government must [therefore] convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any other person." *United States v. Salerno*, 481 U.S. 739, 750 (1987).

Based on the evidence presented at the detention hearing, the court finds that the government has satisfied this burden, and that the Magistrate Judge was correct in ordering the Defendant's detention pending trial. The charged offense—possession of child

---

[6] Defendant filed a brief in support of the instant petition for review. (ECF No. 21.) The court has also considered that, as well as the government's response in opposition. (ECF No. 30.)

pornography—is a serious one. Because the government has alleged that one or more of the pornographic images depicted a child younger than 12, Defendant faces a maximum possible penalty of 20 years in prison. Although Defendant is presumed innocent of this offense, the evidence against him is very strong. As noted above, he is the registered owner of the IP address utilized to download the images at issue, and he admitted to investigators that he utilized his computer (and the IP address) to download and view these images. And an examination of Defendant's hard drive confirmed that it contained at least 60 images depicting child pornography, including unlawful images of children under the age of 12.

Defendant nevertheless argues that his history and characteristics demonstrate that he does not pose a danger to the community and is a viable candidate for release on terms and conditions. Defendant points out that he has a minor criminal record,[7] he has lived in the district for approximately 30 years, he has long maintained steady employment, and he is the sole provider for his adult daughter and her two children (Defendant's grandchildren), who reside with him. (*See generally* Def.'s Mot. for Bond Review, Jan. 3, 2022 [ECF No. 21].)

Although the court credits these positive qualities, it cannot overlook his recent admissions to federal law enforcement agents that he sexually molested minors at his home on multiple occasions. In addition, he readily acknowledged having a predilection for teenage and pre-teen girls and taking steps to gratify himself sexually after seeing children in public. Considering this in conjunction with the evidence related to the charged offense—specifically, that Defendant recently accessed, downloaded, and viewed up to 60 images depicting child

---

[7] Defendant pleaded guilty to possession of synthetic marijuana in 2013, and the court sentenced him to three years of supervised probation. He completed probation without incident.

pornography—the court finds that Defendant does, in fact, pose a danger to the community, particularly minor females.

Finally, Defendant contends this risk can be mitigated by imposing a condition of release that bars him from his residence and requires him to live in a nearby hotel. In making this argument, Defendant assumes that the court's primary concern regarding his purported dangerousness relates to his minor grandchildren. Accordingly, Defendant proffers that "there is no credible evidence that [he] would endanger his grandchildren." (*Id.* at 2 n.1.) While this may be true, there is abundant evidence in the record that Defendant, through his prior acts of child molestation and procuring child pornography, poses an acute risk to *other* persons in the community—particularly minor females who are not members of his immediate family. Therefore, the court concludes that allowing Defendant to live in a hotel would not eliminate that danger.

## **Conclusion**

For these reasons, the court will deny Defendant's petition and order him detained pending trial.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 21st day of January, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE