IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

United States of America

     v.                                         Docket No. 7:22-CR-1 (TTC)

Jerald Francis Gray

**Defendant's Objection to Government's Motion for a Protective Order**

The government has asked the court to issue an unnecessarily broad, sweeping protective order governing "any and all material provided by the United States Attorney's Office to defense counsel." In support of their motion, the government cites no law, and neglected to inform the court that the defense asked the government to note the defense's objection or that the defense has three-times requested discovery that has yet to be provided. While the defense agrees that certain material may warrant a protective order, most of the government's disclosures under Rule 16, *Brady*, *Jencks*, and other statutes should not be subject to a protective order. Indeed, because the government's own order allows disclosure to a correctional officer—a person not bound by this order—the order is self-defeating. Instead, the defense proposes that the Court require the government to specifically designate any sensitive information it believes should be subject to a protective order and limit the order to that information. At a minimum, the government's request for such a sweeping order is not supported by their pleading, the facts, or the law. As such, the Court should deny the government's motion.

*As a matter of law, the government has not made a requisite showing that a protective order governing the entirety of discovery is appropriate in this case.*

       Courts may impose a protective order regulating discovery upon a showing of good cause. Fed. R. Crim. P. 16(d)(1). Generally, "broad allegations of harm, unsubstantiated by

specific examples or articulated reasoning, do not support a good cause showing." *See United States v. Johnson*, 314 F.Supp.32 248, 251 (D. D.C. 2018) (quoting *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007)). Instead, the party requesting the order must demonstrate "that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 – 11 (9th Cir. 2002)).

Courts often grant requests for blanket protective orders with the understanding that those orders will generally be modified later. *See Public Citizen v. Liggett Group Inc.*, 8528 F.2d 775, 791 (1st Cir. 1988) ("[a]lthough . . . blanket protective orders may be useful in expediting the flow of pretrial discovery materials, they are by nature overinclusive and are, therefore, peculiarly subject to later modification"). Even if the government acts in reliance on a protective order, the court may later amend the order, especially if the government's reliance was unreasonable as a matter of law. *See generally United States v. Bulger*, 283 F.R.D. 46, 54 (D. Mass. 2012) ("parties operating under a blanket protective order, such as the government, cannot rely on an unreasonable expectation that such an order will never be altered").

In *Bulger*, the government requested a protective order prior to disclosing more than 300,000 pages of discovery related to the infamous Whitey Bulger FBI informant case. *See id.* at 48. The protective order was generic, broad, and applied to every piece of discovery except those already in the public record. *Id.* The defense sought to modify the order (as did the Boston Globe), and the court agreed that modification was appropriate. The Court directed the government to identify the materials it thought should be protected, such as medical records and autopsies and informant files, and other material subject to statutory protection, such as wiretap materials and grand jury materials. *See id.* at 58.

If the government can identify with particularity categories of documents that warrant protection in the *Bulger* case, then it can also do so here. But the government has not shown any good cause warranting a protective order. As such, the order ought to be vacated. The defense understands that some circumstances warrant subjecting discovery to a protective order. But the government, as the party seeking to impose a protective order, ought to specify why it needs the order and limit the order to that information. Most discovery is not sensitive or privileged and should not be subject to a protective order. At a minimum, the government's generic motion does not identify specific examples with articulated reasoning documenting why the order is necessary.[1] As such, the court should leave the order in place for a period of time to allow the government to identify the documents that should be protected from further dissemination and submit a modified order to the court.

Although the proposed order allows for the defense to provide the discovery to an employee of the jail, nothing within the order prohibits the jail's employee from further distributing the material. Moreover, given the current coronavirus pandemic, even if the Western Virginia Regional Jail can accommodate the protective order, there is no information before the court for the court to conclude that the proposed accommodation will meaningfully allow Mr. Gray to review the material without physically being with counsel. And, at present, counsel is reluctant to physically go to the jail given the number of positive COVID-19 cases that exist.

Finally, unlike a case that just originated, Mr. Gray's case has been pending for more than a month. His counsel has sent three discovery requests to the government, all of which have been unanswered. There is no reason to believe that this order will

---

[1] The government's motion is barebones and does not identify any legal basis for the protective order, facts that might justify it, or any harm it seeks to avoid or ameliorate.

meaningfully advance the case. The government is obligated to produce discovery upon request, and the defense has requested it. The government's motion contemplates providing some material that the defense may not yet be entitled to (such as *Jencks* material). But the defense is well aware of the law on discovery, and would rather the government not receive an unnecessarily broad protective order that will hamper the defense's ability to meaningfully prepare for trial.

## Conclusion

If generic protective orders are not necessary to protect the government's interests in the prosecution of a notorious confidential-informant-turned-mass-murderer, then it is unlikely that a generic proactive order is necessary here. Some information contained within the discovery may well be sensitive and ought to be subject to a protective order. However, unless the government can provide specific examples or articulated reasoning why discovery should not be further disseminated, the court should not subject it to a protective order. The government has simply not met any standard set by law to impose such drastic restrictions on Mr. Gray or his counsel.

Respectfully submitted,

By: /s/ Benjamin M. Schiffelbein

Benjamin M. Schiffelbein, Esquire
Asst. Federal Public Defender
NH Bar No. 267593
210 First Street SW, Room 400
Roanoke, Virginia 24011
Ph. (540) 777-0880
Fax (540) 777-0890
Benjamin_Schiffelbein@fd.org