IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

United States of America

      v.                              Docket No. 7:22-CR-1 (TTC)

Jerald Francis Gray

**Defendant's Objection to Magistrate's Order Granting Government's Motion for Protective Order**

Do the cases against Whitey Bulger (discussed later), Derek Chauvin (*see* Exhibit 1), Elizabeth Holmes (Exhibit 2), Steven Bannon (Exhibit 3), Larry Nassar (Exhibit 4), and Dylan Roof (Exhibit 5) pose fewer security or privacy risks involving discovery than the rather pedestrian case against Jerald Gray? If not, why should the government receive a far more restrictive and unduly burdensome order that prevents Mr. Gray from receiving any of his discovery? Mr. Gray respectfully objects to the government's form protective order signed by the Magistrate on January 31, 2022. He requests the District Court review the magistrate's order, the government's request, and the defendant's objection, and strike the order for being clearly erroneous or contrary to law. *See* Fed. R. Crim. P. 59(a).

*Procedural Posture*

Jerald Gray was arrested and charged by complaint with possession of child sexual abuse images ("CSAM"). He was ordered detained on December 17 and remains in custody. His counsel requested discovery from the government on December 21 and again on January 14 following Mr. Gray's indictment.[1] The government did not respond to either request. On January 24, the defense inquired if the government had sent discovery, and the

---

[1] Mr. Gray is not requesting a copy of any of the alleged CSAM in this case. His counsel will instead make alternative arrangements to review that material without taking possession of it.

government simply responded that it would do so in a timely manner. The defense has yet to receive any discovery—including any information that the government relied upon when asking for Mr. Gray's detention.

The government moved for a generic, standard protective order on January 26. The government's motion did not include any caselaw or specifically identify any potential harm that might ensue without the order. And the government did not include the defense's objection—communicated to the government on December 21. The defense filed an objection to that request, and the Magistrate signed the government's order without providing analysis or addressing the Mr. Gray's objection. Mr. Gray now requests the District Court review that decision pursuant to Federal Rule of Criminal Procedure 59(a).

*Argument*

The protective order entered by the Magistrate is not premised on a showing of good cause and applies to all discovery provided by the government, regardless of whether that discovery contains any confidential or sensitive information. The defense proposes that the government specify what kind of information it seeks to protect and limit the protective order to d that information (such as the names of minor children, the contact information of victims, victim dates of birth, etc. . .).[2] The defense proposed such an order to the government, but the government declined to attempt to find a mutually agreeable solution.

---

[2] The government almost always redacts personal identifying information from discovery even when it is governed by a protective order. One might conclude that the government is attempting to have its cake and eat it too.

**The government has not demonstrated good cause to issue the protective order, and no good cause exists to extend a protective order to every piece of discovery provided by the government.**

Courts may impose protective orders regulating discovery upon a showing of "good cause." Fed. R. Crim. P. 16(d)(1). "The party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *See United States ex rel. Davis v. Prince*, 753 F.Supp.2d. 561, 565 (E.D. Va. 2010) (*quoting Phillips v. Gen. Motors. Corp.*, 307 F.3d 1206, 1210 – 11 (9th Cir. 2002)). The Court need not conduct a document-by-document review but may issue an order protecting "delineated categories of documents upon a showing that good cause exists to protect each category." *See Prince*, at 567. "To show good cause, a party must demonstrate . . . that the disclosure of those materials will cause specific prejudice or harm, such as annoyance, embarrassment, oppression, or undue burden or expense." *See id.* at 567 – 68 (citing cases). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *See United States v. Johnson*, 314 F. Supp. 32 248, 251 (D. D.C. 2018) (quoting *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007)).

Even in cases involving notorious defendants, public scrutiny, significant amounts of private data or sensitive material do not warrant blanket request for protective orders without a showing of good cause. *See*, *e.g.*, *United States v. Bulger* 283 F.R.D. 46, 54 (D. Mass. 2012). In *Bulger*, the government requested a protective order prior to disclosing more than 300,000 pages of discovery related to its case against the former FBI-informant-turned-mass-murderer Whitey Bulger. *See id.* at 48. Like in this case, the government's request was generic, broad, and applied to every piece of discovery provided to the defense

(except for that information already in the public record—not an exception under the government's proposed order in this case). *Id.* The court modified the order upon the request of the defendant and a newspaper. Instead of limiting disclosure of every piece of information, the court ordered the government to identify the categories of materials it sought to protect. *See id.* at 58.

Several other notorious cases prosecuted by the United States involve far less drastic protective orders. The federal prosecution of Derek Chauvin for killing George Floyd did not require a protective order that prevented Mr. Chauvin from receiving his discovery. Instead, the government simply requested that certain protected material—including personal identifying information and contact information of victims and witnesses—not be disseminated. *See* Exhibit 1. The defense would agree to such an order in this case. The federal prosecution of Elizabeth Holmes likewise did not require a protective order. *See* Exhibit 2. Nor did the federal prosecution of Steve Bannon (Exhibit 3), Larry Nassar (Exhibit 4), or Dylan Roof (Exhibit 5). Counsel did not selectively pick these cases after discovering that they had reasonable protective orders. Instead, counsel simply searched recent cases involving serious charges against well-known defendants, as those cases likely had significantly greater reason to keep discovery private. Counsel has yet to find a case outside of this district that employs such draconian control over discovery or that prevents the defendant from receiving *any* of his discovery. Indeed, every case counsel has found contains reasonable protective orders that allow defendants to retain some discovery and distinguish between discovery containing sensitive material and innocuous discovery.

Counsel has found no case where a court entered a protective order over an objection without making any findings of good cause and where the protective order applied to every piece of discovery produced by the government. The government's proposed order is contrary to all authority on point, and counsel found no case supporting similar protective

orders. Because the Magistrate's order is clearly erroneous or not supported by law, the District Court must set it aside. *See* Fed. R. Crim. P. 59(a)

    Respectfully submitted,        /s/ Benjamin Schiffelbein

        Counsel For Mr. Gray
        Assistant Federal Public Defender
        210 First Street SW, Ste 400
        Roanoke VA 24011
        Benjamin_Schiffelbein@fd.org