Exhibit 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE GERARD NASSAR,

    Defendant.

_____/

No. 1:16-CR-242

Hon. Janet T. Neff
U.S. District Judge

**JOINT MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**

The United States and the defendant, by and through their attorneys, jointly move pursuant to Fed. R. Crim. P. 16(d), for a protective order that limits the use and dissemination of certain material and information produced by the government in discovery in the above-captioned case.

The parties are the process of preparing for sentencing in this matter. As part of the plea agreement, the defendant agreed not to oppose application of the pattern enhancement under U.S.S.G. § 2G2.2(b)(5). *See* R.23: Plea Agreement, PageID.109. At sentencing, the United States intends to rely on a number of reports to law enforcement in which individuals have reported various sexual assaults or other sexual misconduct. Defense counsel has indicated that they need to be able to review copies of these reports to prepare for sentencing.

The United States intends to produce in discovery copies of these reports with names, addresses, and telephone numbers redacted. Each reporting individual, and the corresponding report(s), will be identified as "ChildX," "ChildY," or some other, similar designation. Nevertheless, these reports and supporting documentation will still contain a great deal of

1

confidential medical information and other very personal information. The presence of this confidential information leads the parties to seek a protective order at this time.

Federal Rule of Criminal Procedure 16(d) provides for the entry of protective orders in cases such as this one. *See* Fed. R. Crim. P. 16(d). In addition, 18 U.S.C. § 3509(d) provides for privacy protection for child victims. Section 3509(d)(1) limits the dissemination of information about child victims to certain designated persons who have a need to know. Section 3509(d)(3) provides for the entry of protective orders to protect the privacy of a child, and the section provides that a protective order may "provide for any other measures that may be necessary to protect the privacy of the child." The Crime Victims' Rights Act also guarantees victims "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

To promote the efficient and timely production of discovery material and to protect the confidentiality of information contained within the discovery material in this case, the parties respectfully request an order providing that dissemination of the criminal discovery be limited to: (1) members of the defense team in this case (co-counsel, paralegals, investigators, litigation support personnel, the defendant, and secretarial staff), (2) any experts or consultants retained to assist in the preparation of the defense of this case, (3) any potential witnesses interviewed by the defense team in the criminal case if it is determined that it is necessary to share or display records to such witnesses for the purpose of preparing the defense of this criminal case, and (4) the Court in connection with proceedings in this case.

WHEREFORE, the parties respectfully requests that this Court enter the attached proposed Order governing the production and dissemination of discovery material in this case.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Dated: September 26, 2017

    /s/ Sean M. Lewis
SEAN M. LEWIS
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404


   /s/ Shannon Smith (with permission)
MATTHEW NEWBURG
SHANNON SMITH
Attorneys for the Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                No.  1:16-CR-242

        v.                                     Hon. Janet T. Neff
                                                   U.S. District Judge

LAWRENCE GERARD NASSAR,

        Defendant.
        _____/

**PROPOSED PROTECTIVE ORDER FOR DISCOVERY MATERIALS**

For the reasons stated in the parties' Joint Motion for Protective Order,

IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that,

    1.    Any and all discovery material provided by the government in this criminal case to the defendant is to be used by the defendant and counsel solely for the purpose of allowing them to prepare their defense in this case, and neither the defendant, defense counsel, nor any member of the defense team will disclose discovery to anyone who is not necessary to the preparation of the defense in the above-captioned case. This applies to all discovery provided by the government in this criminal action, regardless of whether such discovery has already been produced or will be produced in the future.

    2.    Dissemination for purposes related to defense of the criminal case is permitted to: (a) members of the defense team, i.e., counsel, co-counsel, paralegals, investigators, litigation support personnel, the defendant, and secretarial staff; (b) experts or consultants retained to assist

1

in preparation of the defense; (c) potential witnesses interviewed by the defense team in connection with this case; and (d) the Court (including the filing and making use of exhibits) in connection with proceedings in this case.

     IT IS SO ORDERED, this \_\_\_\_\_ day of _____, 2017.

                                            _____
                                            HON.