IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Criminal No. 7:22-CR-0001 |
| | : | |
| | : | |
| JERALD FRANCIS GRAY | : | |

## GOVERNMENT SECOND RESPONSE TO THE DEFENDANT'S OBJECTION TO A PROTECTIVE ORDER

COMES NOW the United States of America, by counsel, and submits this second response to the Defendant's Reply arising from a defense motion styled "Defendant's Objection to Government's Motion for a Protective Order." In the Defendant's Reply, counsel for the Defendant made a factual representation to the Court that is false and inaccurate. Since the representation pertained to a material issue before the Court, the government responds to ensure that the record before the Court is factually accurate.

In its Reply, defense counsel represented the following, in a section titled "The government's protective order is not necessary to protect victims or witnesses":

> As an example, the government claims that Mr. Gray's admission to conduct that occurred nearly twenty years ago somehow justifies a protective order in this case. However, the government's discovery *did not contain any information related to that alleged conduct*. (Emphasis in the original.) Nor does the discovery contain any information about the identities of any victims or witnesses.

See, ECF #55, p. 3-4.

1

Defense counsel added a rhetorical footnote, "One wonders, why? The government has been in possession of that information for three months and used that information to justify seeking Mr. Gray's detention." (See, footnote 4, ECF #55.)

The government submits that defense counsel's factual representation to the Court is false and misleading. The government submits the following for consideration in determining whether good cause exists to modify or eliminate the protective order that is currently in place in this case. After reviewing the government's digital copy of the discovery provided to Mr. Gray's defense counsel to ensure that defense counsel had all of the following, the government identified the following documents and information in the provided discovery that contradict the above assertions by defense counsel:

- Bates #145, which includes paragraph 35 of the search warrant affidavit discussing a prior child molestation allegation.

- Bates #175 – FBI Serial 1, page 3. The prior molestation allegations are discussed again.

- Bates #331 – FBI Serial 5, page 2. A victim of the prior child molestation allegations is named.

- Pages 2 & 3 of the Polygraph Examination Report, in which two victims are named along with a detailed summary of Gray's confession to the prior child molestations. (No bates numbers are assigned because the document was provided to defense counsel as it was received as a signed Adobe document in the portable document format.)

- Also provided in discovery was a video of Mr. Gray's first interview in which the prior allegations were discussed. In that first interview, Mr. Gray denied the allegations but discussed them briefly.

In a sealed appendix, the government has attached for the Court's review Bates #145, 175, 331, and the pages of Polygraph Examination Report referenced above.

## CONCLUSION

Defense counsel made a factual representation to the Court in its Reply brief that is demonstrably false on a material issue before the Court. For the reasons set forth in the government's response, there is good cause shown for the protective order entered in this case. The Court should deny the Defendant's objection to the protective order.

Respectfully submitted,

CHRIS R. KAVANAUGH
UNITED STATES ATTORNEY


/s/ Matthew M. Miller
VA Bar No. 43034
Attorney for United States of America
U.S. Attorney's Office
310 1st Street SW, Suite 901
Roanoke, Virginia 24011
540-857-2250 (office)

3

CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

/s/ Matthew M. Miller
Assistant United States Attorney