IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

United States of America

      v.                                     Docket No. 7:22-CR-1-TTC

Jerald Francis Gray

**Defendant's Motion to Continue**

Mr. Gray is charged with receipt of child sexual abuse images, in violation of 18 U.S.C. 2252(a)(4)(B) and (b)(2).

      The case against Mr. Gray largely boils down to the government's methods of collecting the evidence it would use at trial. Mr. Gray had images of child sexual abuse on his computer. Counsel has verified several of the images would likely qualify under the statute as prohibited material. Nonetheless, like all people in this country, Mr. Gray has a right to be free from unreasonable searches and seizures. If the government engaged in an unreasonable search, the fruits of that search may be subject to suppression.

      In this case, the government used an algorithm that it claims has a near-zero error rate to predict whether a given code illustrated that Mr. Gray used a peer-to-peer network to acquire prohibited images. That algorithm premises its results on several assumptions, one of which is that the open-source network code was not amended by the target of the algorithm. In other words, if Mr. Gray were to have altered his search protocols by modifying his software, the algorithm may not have provided accurate results. Moreover, if any other assumptions the algorithm makes are untrue, the algorithm could provide a false positive. Despite claiming to have a near-zero error rate, and despite focusing on a peer-to-peer network thought to deal in a large amount of child sexual abuse images, the algorithm has been infrequently tested in court and appears to be used just as infrequently.

Mr. Gray has sought unsuccessfully to obtain an expert to present testimony to the court. However, Mr. Gray and his counsel have consulted with experts to help draft and file a motion to suppress. Mr. Gray will be prepared to file his motion by the end of September. Should the evidence in Mr. Gray's case not be suppressed, Mr. Gray will pursue a conditional plea or a bench trial.

Because the issues in this case wholly focus on the government's investigative techniques, and because a jury trial will not be necessary, Mr. Gray requests this Court continue his trial and order that he file his motion to suppress by September 26, the date his jury trial is set to begin. Mr. Gray waives his right to a speedy trial between September 26 and the date the court will reschedule his trial so that he can adequately litigate essential pretrial issues. *See* 18 U.S.C. §3161.

Respectfully submitted,

/s/ Benjamin Schiffelbein
Assistant Federal Public Defender
NH Bar No. 267593
210 First Street, Ste 400
Roanoke VA 24011
Benjamin_Schiffelbein@fd.org