Case 2:16-cr-00104-SWS Document 127 Filed 05/15/17 Page 35 of 81
Case 7:22-cr-00001-TTC-PMS Document 85-6 Filed 10/06/22 Page 1 of 8 Pageid#: 336

Defendant's motion to suppress - The Court                35

1    issue my ruling on the motion to suppress.
2         (At 9:23 a.m., a recess was taken until 9:35 a.m.)
3              THE COURT:  Thank you.  Please be seated.  I note the
4    presence of counsel, presence of the defendant.
5              The Court is required in viewing the motions to
6    suppress to note first that this is a motion to suppress
7    information obtained from a search warrant that was executed
8    on the apartment residence of the defendant.  Where a search
9    warrant has been used, the burden falls upon defendant to show
10   a constitutional infirmity in the issuance of that warrant.
11   See *United States v. Esser*, 441 F.3d 1109 at 1112, Tenth
12   Circuit 2009.
13             The Constitution requires that before a warrant is
14   issued, probable cause must exist where attending
15   circumstances would lead a prudent person to believe there is
16   a fair probability that contraband or evidence of a crime will
17   be found in a particular place.  In assessing whether there is
18   probable cause for a warrant, the Court assesses the
19   sufficiency of a supporting affidavit based on the totality of
20   the circumstances.  Further, a Magistrate or a Judge's
21   determination that a warrant is supported by probable cause is
22   entitled to great deference.
23             On review, the Court's task is to ensure that the
24   Magistrate had a substantial basis for concluding probable
25   cause existed.  That's *United States v. Perrine*,

Case 2:16-cr-00104-SWS Document 127 Filed 05/15/17 Page 36 of 81
Case 7:22-cr-00001-TTC-PMS Document 85-6 Filed 10/06/22 Page 2 of 8 Pageid#: 337

Defendant's motion to suppress - The Court        36

1  P-E-R-R-I-N-E, 518 F.3d 1196 at 1205, a Tenth Circuit 2008
2  decision.
3           The Court will also note with regards to the good
4  faith exception, the Court will presume the officer acts --
5  actions of the officer to be objective and in good faith when
6  supported by a warrant.  The presumption is not absolute,
7  however, and can be overcome by demonstrating that a warrant
8  was based on an affidavit so lacking in indicia of probable
9  cause as to render official belief in its existence entirely
10 unreasonable.  See *Leon*, 468 U.S. at 923.
11          Reliance is entirely unreasonable only if the
12 affidavit submitted in support of the warrant is devoid of
13 factual support.  See *Cardall*, C-A-R-D-A-L-L, 773 F.2d 1128 at
14 1133, a Tenth Circuit 1985 decision.
15          An affidavit has enough factual support to justify
16 reliance if it establishes a minimally sufficient nexus
17 between the illegal activity and the place to be searched.
18 See *United States v. Gonzales*, 399 F.3d 1225, 1230 to 31; and
19 see *United States v. Henderson*, 595 F.3d 1198 at 1201
20 through 1202.  And that's H-E-N-D-E-R-S-O-N.
21          The Court finds that first there is -- applying the
22 standard as required, there is probable cause to support the
23 issuance of the warrant in this matter.  The test is not
24 whether evidence exists or whether the particular defendant
25 knew that what he was doing constituted the download of child

Case 2:16-cr-00104-SWS Document 127 Filed 05/15/17 Page 37 of 81
Case 7:22-cr-00001-TTC-PMS Document 85-6 Filed 10/06/22 Page 3 of 8 Pageid#: 338

Defendant's motion to suppress - The Court                    37

1  pornography.  The test is whether there is a fair probability
2  that evidence of a crime will be found in a particular place.
3          Based upon the affidavit and the experience and the
4  knowledge and training of the affiant, he was aware of certain
5  networks that operate and the particular ways by which they
6  operate.  The information indicates and the affidavit notes
7  that this particular network upon which he was operating has
8  been found to be a significant -- well, it is not found to be
9  a significant source of music or adult pornography or
10 theatrical movies or copyright material but rather, because of
11 the way that it operates, has been a source of persons of
12 which to collect or share child pornography files.  So we are
13 operating on a network that is known to be a source based upon
14 the way it operates for operation by individuals who seek to
15 collect and/or share child pornography.
16         There is specific means by which the individual gets
17 to operate or is allowed to operate on that network and
18 obtains keys from users and bulletin boards.  And I'm looking
19 at paragraph P.  The files or portions are uniquely identified
20 on the targeted network by what is known as a key.  The key is
21 a sequence of alphanumeric characters and uniquely identifies
22 the files or a portion of the file throughout the network.
23         As I read the next sentence, "Because of encryption,
24 persons operating computers with stored locks are likely not
25 to know the content of the block being stored on their

Case 2:16-cr-00104-SWS Document 127 Filed 05/15/17 Page 38 of 81
Case 7:22-cr-00001-TTC-PMS Document 85-6 Filed 10/06/22 Page 4 of 8 Pageid#: 339

Defendant's motion to suppress - The Court    38

computer," but in this case we are looking at a person operating on the network who is seeking that particular block or section of a file known to contain child pornography. So while it may have been encrypted on someone else's computer, the fact is that the key that he uses seeks out or that someone uses seeks out to obtain a known child pornography file.

In addition, the other paragraph notes that "Your affiant knows from training and experience that someone requesting blocks of a file has taken substantial steps to install software to operate on the targeted network and additional steps to locate the key in order to facilitate a download of that block. The network provides no search mechanism to other file sharing systems, and a subject desiring to download a file must first find the keys associated with the file, such as on a website or message board."

Again, to the extent the individual got the wrong key number or someone provided him an email with a key that was wrong, that's a defense potentially to the ultimate charge. But it's not a defense to the probable cause that evidence of a particular crime existed on that particular computer connected to that particular IP address because of that key that was used. And in this case there were three different times that keys were used which appeared to originate from a

Case 2:16-cr-00104-SWS Document 127 Filed 05/15/17 Page 39 of 81
Case 7:22-cr-00001-TTC-PMS Document 85-6 Filed 10/06/22 Page 5 of 8 Pageid#: 340

Defendant's motion to suppress - The Court                    39

1  computer on that IP address as assigned to 760 Landmark Drive,
2  Unit 603G that was requesting child pornography files that had
3  been logged by way of the prior efforts of law enforcement to
4  identify the particular file keys or keys associated with
5  known child pornography.
6          So what I garner and what I see that the -- a
7  reasonable person, prudent person, including the Magistrate
8  Judge or Judge Christensen in this matter, is that based upon
9  the training and experience of this officer or this agent, he
10 identified three different downloads initiated or appeared to
11 initiate from the computer connected to the IP address
12 assigned to unit 603G on Landmark Drive.  Those files were
13 known based upon information.
14         And that's where the SHA values come in, where the
15 keys probably come in, that those are in the database.  And
16 there are two different databases probably; we have the SHA
17 database and we have the keys in that particular network, dark
18 network, or I think Free-something or other that was
19 referenced by Mr. Nachbar.
20         But there's two different keys that I see.  One's a
21 key to request that particular file, and then there's a key or
22 SHA, which I would call a SHA value or hash value, that's been
23 pegged to that file to link it to known child pornography in
24 the database of law enforcement.
25         So in any event, we have a request being made on

Case 2:16-cr-00104-SWS   Document 127   Filed 05/15/17   Page 40 of 81
Case 7:22-cr-00001-TTC-PMS   Document 85-6   Filed 10/06/22   Page 6 of 8   Pageid#: 341

Defendant's motion to suppress - The Court                    40

1   three different occasions for what has been identified to be
2   known child pornography files or blocks of files of known
3   child pornography.  And based upon training and experience and
4   information known by the agent and set forth in the affidavit,
5   the Court would find that there is probable cause to support
6   and -- that probable cause exists based upon information that
7   would lead a prudent person to believe there is a fair
8   probability that contraband or evidence of a crime will be
9   found in a particular place.
10            The next step I guess that I would see is, okay, we
11  have a -- there may be a wireless router attached to this
12  particular cable modem that has been assigned the IP address.
13  And frankly, I've looked at several cases across the country
14  that deal with IP addresses, and I have not found one that has
15  rejected probable cause based upon the potential that there
16  could have been a wireless device attached and operating in
17  the area.  I don't see any cases that have found that to
18  defeat the potential probable cause.
19            But here is again the way I would look at it.  There
20  is an IP address that has been assigned to a device operating
21  in that apartment.  And maybe there is or maybe there isn't a
22  wireless device that is extending the access, and certainly
23  it's a good reason why we have passwords on our wireless
24  access systems and all that.  But there would be a Mac address
25  potentially tied to that and all kinds of different things.

Case 2:16-cr-00104-SWS Document 127 Filed 05/15/17 Page 41 of 81
Case 7:22-cr-00001-TTC-PMS Document 85-6 Filed 10/06/22 Page 7 of 8 Pageid#: 342

Defendant's motion to suppress - The Court    41

1    But the bottom line is -- is that that IP address was
2  assigned to that apartment and operating out of that vicinity,
3  and at a minimum there's fair probability that contraband or
4  evidence of a crime would be found in that particular place.
5  So for those reasons I don't believe that the potential that
6  there may have been a wireless router attached to or allowing
7  another device to access through that IP address assigned to
8  Charter, the Internet and this particular network, defeats
9  probable cause.
10         In addition, to the extent that there could be issues
11 as to a lack based upon facts and circumstances, the Court
12 would find then certainly the good faith exception would apply
13 in this case.  There is certainly enough factual support to
14 justify reliance and establishes a minimally sufficient nexus
15 between the illegal activity and the place to be searched.
16         And again, I see the test not being as did the user
17 of that device at this particular time as identified in the
18 affidavit know that they were downloading child pornography,
19 not the test.  The test is, was there a fair probability that
20 evidence of a crime would be located on devices attached to
21 that IP address.  And the answer is yes because those files
22 that were potentially -- that were identified and were being
23 sought or blocks of those files were known child pornography.
24         Now, whether it was known by the user of the device
25 that they were downloading child pornography is an issue for

Defendant's motion to suppress - The Court                    42

1   resolution at a trial on the merits of the charges.  But I
2   would for those reasons deny the motion to suppress and direct
3   a minute order incorporating by reference therein this Court's
4   oral ruling be entered in this case.
5           That then brings us to the issues raised regarding
6   the 414 evidence.  And I would hear from -- I'd hear from the
7   United States first, and then I would hear from -- ultimately
8   there is first a determination as to whether or not this is
9   414 evidence that falls within the scope of Rule 414 of the
10  rules of evidence.  If it is, then the next question becomes
11  whether or not it is properly admissible under Rule 403.
12          So I'll hear from the United States.  I've read
13  through the briefs.  I know that the source of the issues
14  arise from a 2002 conviction based upon, I believe, 1998
15  activity that occurred in Georgia and ultimately involved a
16  five-year-old and an eight- or nine-year-old relative.  I use
17  that term loosely because I'm not certain that I know there
18  was some nexus between the mother and the -- of the victims
19  and the defendant in this matter.  But that being said, I
20  would hear from the parties as to the motion and 414 evidence.
21  Mr. Forwood.
22          MR. FORWOOD:  Thank you, Your Honor.  May it please
23  the Court.
24          THE COURT:  Counsel.
25          MR. FORWOOD:  Counsel.