IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:22-cr-00001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JERALD GRAY, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendant. | ) | |

This matter is currently scheduled for sentencing on June 7, 2023, at 9:30 a.m. Despite having already been continued twice—once for nearly a month at the defendant's request (*see* ECF Nos. 101, 105, 106) and again for nearly another month (ECF No. 107)—the parties still have not adequately briefed the issue of how much restitution the court should award to the two identified victims, "Lily" and "Jen."[1] The issue of restitution will be decided at sentencing but it remains unripe until the parties brief it as the court previously requested.

In this regard, the parties were previously ordered to "file sentencing memorandums no less than seven (7) days before the scheduled sentencing hearing." (Scheduling Order, Dec. 7, 2022 [ECF No. 90].) The court also directed the parties to "meet and confer regarding the appropriate amount of restitution that should be made to each identifiable victim . . . [and], in the event the parties are unable to reach agreement . . . to explain and justify, in their written sentencing memoranda, their respective positions on the appropriate amount of restitution . . . ." (Order, Apr. 5, 2023 [ECF No. 100].) The government bears the "burden of demonstrating

---

[1] The court adopts the preferred pseudonyms of the victims herein.

the amount of the loss sustained by [each] victim as a result of" Defendant's offense conduct. 18 U.S.C. § 3664(e); *see also* 18 U.S.C. § 2259(b)(3).

Despite this, neither party has adequately explained what the appropriate restitution awards should be. In the government's sentencing memorandum, it states only that "[n]egotiations with counsel regarding these requests are ongoing, although they cannot be less than $3,000 each." (*See* ECF No. 102 at 3.) This is woefully inadequate. This morning, less than 48 hours before the scheduled sentencing, the defendant filed his sentencing memorandum. Aside from being very late, he presents a wealth of statistical information in support of his request for a downward departure. Counsel's analysis of the restitution at issue, like the government's, leaves much to be desired. In short, Defendant asks that restitution be entered at $3,000 per victim, without any regard to the applicable statute(s) and the factors the court is obligated to consider under *Paroline v. United States*, 572 U.S. 434 (2014).

The court is not satisfied with the analysis provided by either party on this important—and mandatory—provision of the defendant's sentence. Accordingly, the parties are **ORDERED** to file supplemental sentencing memoranda outlining the necessary facts and analysis relevant to this issue. In preparation for the sentencing (that will now be continued), the court performed independent research to fill the void left by the parties and has identified three issues for them to consider when drafting their respective positions.

First, at least two courts have noted that Lily's total claimed losses are in large part speculative—particularly the nearly $5 million in medical services she claims will be necessary in the future to treat her medical conditions that are exacerbated by the stress caused by the circulation of these illicit images of her online—and that it is difficult to link Lily's increased

medical costs to the particular defendant in the case. *See, e.g.*, *United States v. Erickson*, 388 F. Supp. 3d. 1086, 1095–96 (D. Minn. 2019) (awarding Lily $0 in restitution after deducting the increased medical costs from the estimated total losses and finding that, as of the date of the hearing, Lily had received restitution payments that covered her estimated total losses of $1,556,312.13); *see also United States v. Richardson*, No. 1:13-CR-00686, 2022 WL 17338274, at *11 (N.D. Ill. Nov. 30, 2022). Should the court credit Lily's claimed medical services? Is the roughly $6 million she claims in total losses bona fide?

Second, as it relates to Jen, what evidence is available that informs the court's analysis under *Paroline*? How many individuals have been convicted of possession of this series? What damages and/or restitution awards have other courts made to Jen? How did this defendant come into possession of those images, and did he share them with others? What other information and/or evidence will assist the court is determining "the defendant's relative role in the causal process underlying [Jen's] general losses"? *Paroline*, 572 U.S. at 458. The government, which effectively serves as a clearinghouse for restitution for identified victims of child pornography offenses, is best positioned to answer these questions.[2]

Third, although the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA") requires the court to order restitution in an amount that is no less than $3,000, are victims entitled to this payment when it would exceed their full demonstrated losses? Under the AVAA,

> A victim's total aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses. After the victim has received in the full amount of the victim's

---

[2] Perhaps the government should consult subject-matter experts at Main Justice to obtain relevant information about Jen's other restitution awards.

>losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, the liability of each defendant who has been ordered to pay restitution for such losses to that victim shall be terminated. The court may require the victim to provide information concerning the amount of restitution the victim has been paid in other cases for the same losses.

18 U.S.C. § 2259(b)(2)(C). In light of the foregoing statutory language, the government just last year apparently indicated to a federal court that "recent decisions have determined that [Lily's] total losses now exceed $4 million." *United States v. Evans* 48 F.4th 888, 893 (8th Cir. 2022). What is the "greatest amount of such losses found in any case involving" each of these victims? *See* 18 U.S.C. § 2259(b)(2)(C). As of June 5, 2023, how much have Lily and Jen received in total restitution? And should the government be required to provide this information?

For these reasons, the sentencing scheduled for June 7, 2023 is **CONTINUED** and the parties shall contact the Courtroom Deputy as soon as practicable to reschedule it for an available date and time after June 30, 2023. Additionally, unless the parties can agree on appropriate restitution award amounts, they are **ORDERED** to each file a short brief on *only* this restitution issue. The government must file its brief on or before June 19, 2023, and the defendant must file a response on or before June 23.

The clerk is directed to forward a copy of this Order and accompanying Memorandum Opinion to all counsel of record.

**ENTERED** this 5th day of June, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE