IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
CRIMINAL MINUTES – SENTENCING HEARING

Case No.: 7:22CR00001                                         Date: 7/10/2023

**Defendant: Jerald Gray, Custody**          **Counsel: Benjamin Schiffelbein, FPD**

**PRESENT:**
- JUDGE: Thomas T. Cullen
- TIME IN COURT: 9:14a-10:18a 1h4mins
- Deputy Clerk: Christel Kemp
- Court Reporter: Mary Butenschoen
- U. S. Attorney: Jason Scheff
- USPO: Sean Sweeney

**PROCEEDINGS:**
- ☒ Defendant remains fully satisfied with counsel.
- ☒ No Objections to Presentence Report.
- ☒ Court adopts Presentence Report.
- ☒ No evidence presented.
- ☒ Government presents argument.
- ☒ Defendant presents argument.
- ☒ Allocutions.

**SENTENCE IMPOSED AS FOLLOWS:**
**CBOP:** One hundred eight (108) months
**SR:** Fifteen (15) years - comply w/Standard, Mandatory & Special Conditions.
**SA:** $100.00 due immediately.
**REST:** $6000.00

- ☒ Court recommends as follows:
  - ☒ Defendant be housed at a facility close to his home that satisfies any security classification by the BOP and relevant treatment considerations.
  - ☒ Defendant receive appropriate mental health evaluation and any subsequent treatment, and substance abuse treatment while incarcerated.
  - ☒ Defendant receive appropriate sex offender treatment while incarcerated.

**SPECIAL CONDITIONS OF SUPERVISION (Check applicable conditions):**

1) Following release from imprisonment, the court will evaluate defendant's status and determine whether, after incarceration, substance abuse rehabilitation is necessary and appropriate. If additional rehabilitation is deemed appropriate, the defendant shall participate in a program as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program.

2) The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

3) The defendant shall submit his person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

The Court's standing order no. 2018-07 (Re: Adoption of Special Conditions of Probation and Supervised Release in Criminal Cases Involving Sex Offenses and in Other Appropriate Criminal Cases) dated July 27, 2018, provides conditions of supervision for defendants who are convicted of a sex offense, or whose circumstances warrant the

application of certain conditions. The following special conditions are appropriate in this case, after considering the nature of the instant offense, and the defendant's history and characteristics.

1) The defendant shall register with all local and state sex offender registration agencies in any jurisdiction where the defendant resides, is employed, carries a vocation, is a student, or is otherwise required to register by SORNA.

2) The defendant shall have no contact, direct or indirect, with any victim identified in the presentence report, or any victim's family member.

3) The defendant shall not contact or communicate, directly or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means, including verbal, written, telephonic, electronic or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services.

4) However, the defendant is authorized contact with minors 1) who are relatives of the defendant; 2) who have familial relationships with relatives of the defendant; or 3) who have been identified and approved by the U.S. Probation Officer. The contact may occur only in the presence of another adult and with the prior approval of the probation officer. In considering approval of such contact, the probation officer should make an individualized inquiry and a particularized showing of need for the condition.

5) The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor.

6) The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without prior approval of the probation officer. The defendant may not engage in an activity that involves being in a position of trust or authority over a minor.

7) The defendant shall submit to an evaluation/risk assessment by a qualified mental health professional approved by the probation officer, who is experienced in the treatment of sexual offenders. The evaluation may include psychological and physiological testing (i.e. plethysmograph exams). The defendant shall take all medications reasonably related to his or her condition; complete all treatment recommendations, which may include physiological testing (i.e. polygraph exams), and abide by all rules, requirements, and conditions imposed by the treatment provider until discharged from treatment by the provider.

8) In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without he prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

9) The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

10) The defendant shall participate in the Computer Monitoring Program adopted by this court and comply with all of the conditions in the program's Participant Agreement. The defendant shall allow monitoring software/hardware to be installed on each computer, electronic communication device, or other Internet capable device the defendant has access to at the defendant's expense.

11) The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

12) The defendant shall submit to search and seizure of his or her computer, as defined in 18 U.S.C. § 1030(e)(1), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

13) The defendant shall not possess, view or otherwise use any child pornography as defined in 18 U.S.C. § 2256(8).

14) The defendant shall not knowingly enter, or knowingly remain in, any location where materials depicting or describing "child pornography" can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

15) The defendant's employment shall be approved by the probation officer. Any proposed change in employment must be provided to the probation officer at least 10 days prior to the change and must be approved before the change may take place.

16) The defendant shall not reside or linger within 100 feet of any park, school property, playground, arcade, amusement park, day care center, swimming pool, community recreation field, zoo, youth center, carnival, circus, or other places that are primarily used or can reasonably be expected to be used by minors, without prior permission of the probation officer.

17) The defendant shall notify employers, family members, and others with whom the defendant has regular contact of the defendant's sex offender conditions and that the defendant is under supervision by the probation officer.

**PAYMENT SCHEDULE:**

☒ A lump sum payment of $100.00 is due immediately. Restitution in the amount of $6,000 is to be paid during the term of imprisonment. Payment shall be made in equal monthly installments of $25, or 25% of the defendant's income, whichever is less, to commence 60 days after the date of this judgment; and payment in equal monthly installments of $100 during the term of supervised release, to commence 60 days after release from imprisonment.

**ADDITIONAL RULINGS:**

☒ Defendant shall forfeit his interest in the property listed in the Preliminary Order of Forfeiture (ECF 97) entered on 1/12/23.
☒ Defendant advised of right to appeal.
☒ Defendant remanded to custody.